An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL LEE SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64999

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on January 7, 2014, more than twenty-four years after entry of the judgment of conviction on July 27,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

Appellant labeled his petition, "First Amendment Application for Writ of Habeas Corpus." Because appellant challenged the validity of the judgment of conviction, we conclude that the district court correctly construed appellant's petition to be a post-conviction for a writ of habeas corpus. *See* NRS 34.724(2)(b).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15478

1989.[2] Thus, appellant's petition was untimely filed.[3] *See* NRS 34.726(1). Moreover, appellant's petition was an abuse of the writ as he raised claims new and different from those raised in his previous petition.[4] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Appellant did not provide a good cause argument. To the extent that he argued that the procedural bars did not apply because he was challenging the constitutionality of the laws and the jurisdiction of the courts, appellant's argument was without merit. Appellant's claims challenge the validity of the judgment of conviction, and thus, the procedural bars do apply in this case.[5] *See* NRS 34.720(1); NRS 34.724(1).

---

[2]No direct appeal was taken.

[3]Further, the petition was filed more than twenty-one years after the effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, §§ 5, 33, at 75-76, 92; *Pellegrini v. State*, 117 Nev. 860, 874-75, 34 P.3d 519, 529 (2001)

[4]*Smith v. State*, 106 Nev. 781, 802 P.2d 628 (1990).

[5]Appellant's claims did not implicate the jurisdiction of the courts. Nev. Const. art. 6, § 6; NRS 171.010. We note that the Statutes of Nevada contain the laws with the enacting clauses required by the constitution. The Nevada Revised Statutes simply reproduce those laws as classified, codified, and annotated by the Legislative Counsel. NRS 220.120.

Because appellant did not demonstrate good cause, the petition was procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[6]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Michelle Leavitt, District Judge
Michael Lee Smith
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[6]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.